IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD R. BROWN, et al.,

                     Plaintiff,                    Case No. 3:04 CV 7644

-vs-

                                                      MEMORANDUM OPINION

ORRIN G. LUST, et al.,

                     Defendant.

KATZ, J.

This matter is before the Court on the federal Magistrate's Report and Recommendation (Doc. 57, hereinafter "R&R") and the objections of Plaintiffs Richard Brown and Carolyn Sue Brown to the R&R (Doc. 60). Because neither a federal question nor diversity of parties exists, this Court lacks federal subject matter jurisdiction and the Report and Recommendation of the Magistrate Judge is hereby adopted.

**I. Standard of Review**

This Court has reviewed the findings of the Magistrate Judge *de novo*. *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B)&(C). For the following reasons, the Court finds Plaintiffs' objections are not well taken and the same are denied.

**II. Background**

Plaintiffs reside and own real property in Section 16, Tymochtee Township of Wyandot County, Ohio adjacent to Defendants Orrin and Robert Lust's property. R&R, Doc. 57 at 1. The Browns' property is adjacent to the Sandusky River and located at a ground level lower than the Lusts' adjacent property (which does not abut the river). R&R at 2. Plaintiffs' complaint alleges

Defendants hired an excavating contractor who entered Plaintiffs' property without permission and dug a surface ditch, causing severe damage to Plaintiffs' farm. Pl. Compl., Doc. 1 at 5. The Browns filed their complaint with a jury demand on October 14, 2004, naming the Lusts and the Wyandot County Board of Commissioners as defendants, and alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, federal wetland laws, and the U.S. Constitution. R&R at 2. Federal wetlands laws are part of the CWA. The Wyandot County Board of Commissioners, against whom most of the constitutional violations were alleged, is no longer a party to the lawsuit.

Despite jurisdictional issues raised in Defendants' answer, the parties agreed to participate in mediation prior to commencing discovery, and a successful mediation was conducted on April 14, 2005. R&R at 2, 4. A memorandum of understanding (hereinafter "MOU") was signed at the mediation by both parties which required Defendants to make certain repairs to Plaintiffs' property. R&R at 2. At the request of the parties, two subsequent mediation conferences were held on November 3, 2005 and January 24, 2006. R&R at 3. Defendants began performance pursuant to the specifications of the MOU; however, they allege that actions by Plaintiffs prohibit them from completing repairs. R&R at 3. Consequently, Defendants now seek enforcement of the MOU. R&R at 3.

**III. Discussion**

    **A. Subject Matter Jurisdiction**

Federal courts have limited jurisdiction and can hear only those cases authorized by the U.S. Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, "the first and fundamental question presented by every case brought to the

2

federal courts is whether [the court] has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-607 (6th Cir. 1998). To establish subject matter jurisdiction, a plaintiff's complaint must show either the existence of a federal question, pursuant to 28 U.S.C. § 1331, or diversity of the parties involved in the lawsuit, pursuant to 28 U.S.C. § 1332. Lack of subject matter jurisdiction cannot be waived and thus can be raised by the parties or by the court, *sua sponte*, at any time during the proceedings. *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984); Fed. R. Civ. P. 12(h)(3).

### B. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a civil action to arise under the Constitution or federal law, "a well-pleaded complaint [must] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Palkow v. CSX Transp. Inc.*, 431 F.3d 543, 552 (6th Cir. 2005).

In the instant case, Plaintiffs assert the actions of Defendants violated the CWA. 33 U.S.C. § 1365(b) authorizes civil actions filed by citizens against other citizens and gives jurisdiction to the federal district courts "without regard to the amount in controversy or the citizenship of the parties." The statute also contains a notice provision, which stipulates that no lawsuit may be filed unless 60 days notice of the alleged violation of the CWA has been given to (1) the Environmental Protection Agency Administrator; (2) the state in which the alleged violation occurs; and (3) to any alleged violator of the standard, limitation, or order. *Id.* The Sixth Circuit "has long recognized [the statutory notice requirement] as a jurisdictional prerequisite to maintaining a

3

cause of action" under the CWA. *Board of Trustees v. City of Painesville*, 200 F.3d 396, 400 (6th Cir. 1999).

The notice provision in the CWA is comparable to that of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, which authorizes lawsuits by citizens "in substantially the same capacity as provided for in the CWA." *Ailor v. City of Maynardville*, 368 F.3d 587, 601 (6th Cir. 2004). The stated Congressional purpose of the RCRA's notice provision is to "giv[e] agencies and alleged violators a 60-day nonadversarial period to achieve compliance with RCRA regulations."[1] *Hallstrom v. Tillamook County*, 493 U.S. 20, 32 (1989).

The Browns admit "the Magistrate's Report is absolutely correct that the Plaintiffs never received any written correspondence from the EPA authorizing a civil action." Pl. Objections to

---

[1]

The Supreme Court has considered the apparent technicality of the application of this procedural device to dismiss a case at an advanced stage of litigation and determined that it is both proper and justified:

> Petitioners urge us not to require dismissal of this action after years of litigation and a determination on the merits. They contend that such a dismissal would unnecessarily waste judicial resources. We are sympathetic to this argument. . . . Nevertheless, the factors which have led us to apply decisions nonretroactively are not present in this case. [*See Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-107 (1971).] Our decision here does not establish a new rule of law; nor does it overrule clear past precedent on which litigants may have relied. Moreover, the statute itself put petitioners on notice of the requirements for bringing suit. Retroactive operation of our decision will further the congressional purpose of giving agencies and alleged violators a 60-day nonadversarial period to achieve compliance with RCRA regulations. Nor will the dismissal of this action have the inequitable result of depriving petitioners of their "right to a day in court." *Id.*, at 108. Petitioners remain free to give notice and file their suit in compliance with the statute to enforce pertinent environmental standards.
>
> Accordingly, we hold that where a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60-day delay requirements of § 6972(b), the district court must dismiss the action as barred by the terms of the statute.

*Hallstrom*, 439 U.S. at 32-33.

R&R, Doc. 60 at 4. Additionally, nothing in the record indicates the Browns gave the required notice to any of the individuals/entities required by the statute. R&R at 5.

Because Plaintiffs have not given 60 days notice to the parties designated in the CWA, no federal cause of action has been created and no federal question exists to warrant subject matter jurisdiction.

### C. Diversity Jurisdiction

28 U.S.C. § 1332 provides for federal subject matter jurisdiction in all civil actions where the parties are diverse and the amount in controversy exceeds $75,000. Parties are considered diverse when the lawsuit is between: citizens of different States; citizens of a State and citizens or subjects of a foreign state; citizens of different States and citizens or subjects of a foreign state are additional parties; and a foreign state, as plaintiff, and citizens of a State or different states, as defendants. *Id.*

In the instant case, both Plaintiff and Defendant reside in Ohio and there is no further indication or assertion of diversity by either party. Therefore, diversity of parties does not exist for purposes of federal subject matter jurisdiction.

## IV. Conclusion

For the aforementioned reasons, the Report and Recommendation of the Magistrate Judge to dismiss the Browns' lawsuit because this Court lacks subject matter jurisdiction is adopted in its entirety.

IT IS SO ORDERED.

                                            s/ *David A. Katz*
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE